The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip A. Holmes and the issues raised on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioners prior Opinion and Award which is hereby Affirmed.
***********
The Full Commission finds as fact and concludes as matters of law the following:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the parties and the subject matter. The parties are subject to the Act, and plaintiff was an employee of Steve Piper d/b/a Piper Farms on 25 January 1998.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. A Compromise Settlement Agreement was executed by the parties and approved by the Industrial Commission on 20 November 1998.
***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff alleges that he sustained a compensable injury to his left arm and shoulder while working for employer-defendant on 25 January 1998.
2. The compensability of this claim was denied pursuant to an Industrial Commission Form 61, which was filed on 28 January 1998.
3. After the claim was denied, plaintiff filed a Form 33 Request for Hearing which is not dated. Defendants filed a responsive Form 33R on 1 April 1998.
4. This case was ordered into mediation by the Industrial Commission and a mediation conference was held on 28 October 1998. At this time, plaintiff was represented by Attorney David Silver. The mediator selected by the parties for this mediation was Attorney Charles Hardee.
5. On 28 October 1998, the parties agreed to a resolution of plaintiffs workers compensation claim. During the mediation, plaintiff had the opportunity to confer with counsel and agreed to settle his claim based upon the advice of counsel.
6. A Compromise Settlement Agreement was subsequently drafted and executed by the parties. This agreement was approved by Deputy Commissioner Pamela Young on 20 November 1998.
7. In late December 1998, plaintiff filed a new Form 33 Request for Hearing. In this Form 33, plaintiff alleged that he was misled by Attorney Hardee during the mediation conference.
8. On 14 April 1999, Attorney Silver was permitted to withdraw from his representation of plaintiff in this case.
9. Plaintiff testified at the hearing on 20 May 1999 that Attorney Hardee had provided misleading information concerning the possible offset of any workers compensation benefits that plaintiff might receive against his Social Security benefits. According to plaintiff, he agreed to settle his claim based upon these misrepresentations by Mr. Hardee.
10. During the hearing before the Deputy Commissioner on 20 May 1999, plaintiff stipulated that neither the defendants nor defendants counsel committed fraud, made a misrepresentation, or used undue influence with respect to plaintiff.
11. Both Attorney Hardee and Attorney Silver testified that Attorney Hardee made no representation about a possible offset against plaintiffs Social Security benefits. Both attorneys further testified that neither the defendants, nor Attorney Hardee, committed fraud or made misrepresentations or used undue influence during the mediation conference.
12. Although plaintiff alleges that he was misled by Attorney Hardee about a possible Social Security offset, the undersigned finds that Attorney Hardee provided no legal advice nor made any misrepresentation to plaintiff regarding a possible Social Security benefits offset.
13. Based upon the evidence of record, the Full Commission finds that there is no proof of fraud in this case by defendants or Attorney Hardee.
14. Based upon the evidence of record, the Full Commission finds that there is no evidence of misrepresentation in this case by defendants or Attorney Hardee.
15. Based upon the evidence of record, the Full Commission finds that there is no evidence of undue influence in this case by defendants or Attorney Hardee.
16. Based upon the evidence of record, the Full Commission finds that there was no mutual mistake of fact between the parties in this case.
17. Plaintiff believed that the mediator in this case made a misstatement of the law. However, after consulting his attorney, plaintiff still signed the Compromise Settlement Agreement.
18. Plaintiff admitted at hearing before the Deputy Commissioner on 20 May 1999 that mediator Hardee informed the parties that he could not give legal advice.
19. Plaintiff accepted the funds in the Compromise Settlement Agreement and has used them for his personal needs.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Under the Workers Compensation Act, a Compromise Settlement Agreement may be set aside by the Industrial Commission only if it appears to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence, or mutual mistake. G.S. 97-17. Employee-plaintiff has failed to demonstrate that there has been error due to fraud, misrepresentation, undue influence or mutual mistake by any of the parties in this case.Id.
2. Since there is insufficient evidence to justify setting aside the Compromise Settlement Agreement in this case, the Compromise Settlement Agreement is valid and remains in effect against all parties. G.S. 97-17.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Under the law, employee-plaintiffs claim to set aside the Compromise Settlement Agreement must be, and the same is, DENIED.
2. Each party shall pay its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER